

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 442-8248
Fax: (212) 788-9776

January 14, 2008

**BY FACSIMILE (212) 805-7912**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*Application granted.*
*So ordered.*
1/15/08
*[signature]*
U.S.D.J.

Re: Charles Gaylord v. City of New York, et al., 07 Civ. 11599 (JGK)

Your Honor:

    I am Senior Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. I write with respect to the above-referenced matter in which plaintiff alleges that his constitutional rights were violated by defendants. Defendant City respectfully requests an extension of time to answer or otherwise respond to this complaint from January 17, 2008 until March 17, 2008. Plaintiff has consented to this request for an extension of time.

    There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution authorizations for the release of sealed arrest and criminal prosecution records so that defendant can access the information, properly assess the case, and respond to this complaint.

    Additionally, upon information and belief, the named individual defendants, Police Officers McKenna, Creighton, Rodriguez, Hodge, Gonzalez, Coleman, Whelan and Cosgrove, have not been served with the summons and complaint in this action. This extension should also allow plaintiff time to serve the individual defendants. Moreover, if timely served, it

may also give this office an opportunity to determine whether the officer is entitled to representation by this office. *See Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made by defendant City of New York. Accordingly, we respectfully request that defendant City of New York and Commissioner Kelly's time to answer or otherwise respond to the complaint be extended to March 17, 2008.

Thank you for your consideration herein.

Respectfully submitted,

Mark D. Zuckerman
Senior Counsel

cc: Rose M. Webber, Esq. (Via Facsimile)