UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHARLES GAYLORD,

                                Plaintiff,

                -against-

THE CITY OF NEW YORK, P.O. SCOTT MCKENNA, CAPT. "JOHN" CREIGHTON, P.O. DAVID RODRIGUEZ, P.O. WAYNE HODGE, P.O. ANGEL GONZALEZ, SGT. JAMES COLEMAN, P.O. KEVIN WHELAN, SGT. JAMES COSGROVE, and P.O.s JOHN and JANE DOES # 1-10; individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS THE CITY OF NEW YORK, SCOTT MCKENNA, KIERAN CREIGHTON, DAVID RODRIGUEZ, WAYNE HODGE, ANGEL GONZALEZ, JAMES COLEMAN, KEVIN WHELAN AND JAMES COSGROVE**

07-CV-11599 (JGK)

**JURY TRIAL DEMANDED**

Defendants City of New York, Sgt. Scott McKenna, Capt. Kieran Creighton, P.O. David Rodriguez, Det. Wayne Hodge, Sgt. Angel Gonzalez, Sgt. James Coleman, Sgt. Kevin Whelan and Sgt. James Cosgrove, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to plaintiff's complaint, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to proceed in this action.

        2. Deny the allegations set forth in paragraph 2 of the complaint, except admit that plaintiff purports to proceed in this action.

        3. Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

4. Admit.

5. Admit only that plaintiff purports to proceed in this action and demands a trial by jury as alleged therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Admit.

8. Admit that the City of New York maintains a police department except state that the remainder of the allegations set forth in paragraph 8 of the complaint are legal conclusions to which no responses are required.

9. Admit that Sgt. McKenna, Captain Creighton, P.O Rodriguez, Det. Hodge, Sgt. Gonzalez, Sgt. Coleman, Sgt. Whelan and Sgt. Cosgrove are police officers of the NYPD except state that the remainder of the allegations of paragraph 9 of the complaint are legal conclusions to which no responses are required.

10. The allegations set forth in paragraph 10 of the complaint are legal conclusions to which no responses are required.

11. The allegations in paragraph 11 of the complaint are legal conclusions to which no responses are required.

12. The allegations set forth in paragraph 12 of the complaint are legal conclusions to which no responses are required.

13. Deny the allegations in paragraph 13 of the complaint.

14. Deny the allegations in paragraph 14 of the complaint.

15. Deny the allegations in paragraph 15 of the complaint.

16. Deny the allegations in paragraph 16 of the complaint.

17. Deny the allegations in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19. Admit that plaintiff was held in police custody following his July 4, 2005 arrest but deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations in paragraph 20 of the complaint.

21. Deny the allegations in paragraph 21 of the complaint.

22. Deny the allegations in paragraph 22 of the complaint.

23. Deny the allegations in paragraph 23 of the complaint.

24. Deny the allegations in paragraph 24 of the complaint.

25. Deny the allegations in paragraph 25 of the complaint.

26. Admit.

27. Deny the allegations in paragraph 27 of the complaint.

28. Admit.

29. Admit that plaintiff was held in police custody following his August 7, 2005 arrest but deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations in paragraph 30 of the complaint.

31. Deny the allegations in paragraph 31 of the complaint.

32. Deny the allegations in paragraph 32 of the complaint.

33. Deny the allegations in paragraph 33 of the complaint.

34. Deny the allegations in paragraph 34 of the complaint.

35. Deny the allegations in paragraph 35 of the complaint.

36. Admit.

37. Deny the allegations in paragraph 37 of the complaint.

38. Admit.

39. Admit that plaintiff was held in police custody following his August 7, 2005 arrest but deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations in paragraph 40 of the complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the complaint.

42. Deny the allegations in paragraph 42 of the complaint.

43. In response to the allegations set forth in paragraph 43 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

44. The allegations set forth in paragraph 44 of the complaint are legal conclusions to which no responses are required.

45. Deny the allegations in paragraph 45 of the complaint.

46. The allegations set forth in paragraph 46 of the complaint are legal conclusions to which no responses are required.

47. The allegations set forth in paragraph 47 of the complaint are legal conclusions to which no responses are required.

48. Deny the allegations in paragraph 48 of the complaint.

49. In response to the allegations set forth in paragraph 49 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

50. Deny the allegations in paragraph 50 of the complaint.

51. Deny the allegations in paragraph 51 of the complaint.

52. In response to the allegations set forth in paragraph 52 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

53. Deny the allegations in paragraph 53 of the complaint.

54. Deny the allegations in paragraph 54 of the complaint.

55. Deny the allegations in paragraph 55 of the complaint.

56. Deny the allegations in paragraph 56 of the complaint.

57. Deny the allegations in paragraph 57 of the complaint.

58. Deny the allegations in paragraph 58 of the complaint.

59. Deny the allegations in paragraph 59 of the complaint.

60. Deny the allegations in paragraph 60 of the complaint.

61. Deny the allegations in paragraph 61 of the complaint.

62. Deny the allegations in paragraph 62 of the complaint.

63. Deny the allegations in paragraph 63 of the complaint.

64. Deny the allegations in paragraph 64 of the complaint.

65. Deny the allegations in paragraph 65 of the complaint.

66. Deny the allegations in paragraph 66 of the complaint.

67. In response to the allegations set forth in paragraph 67 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

68. The allegations set forth in paragraph 68 of the complaint are legal conclusions to which no responses are required.

69. Deny the allegations in paragraph 69 of the complaint.

70. Deny the allegations in paragraph 70 of the complaint.

71. In response to the allegations set forth in paragraph 71 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

72. Deny the allegations in paragraph 72 of the complaint.

73. Deny the allegations in paragraph 73 of the complaint.

74. In response to the allegations set forth in paragraph 74 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

75. Deny the allegations in paragraph 75 of the complaint.

76. Deny the allegations in paragraph 76 of the complaint.

77. Deny the allegations in paragraph 77 of the complaint.

78. In response to the allegations set forth in paragraph 78 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

79. Deny the allegations in paragraph 79 of the complaint.

80. Deny the allegations in paragraph 80 of the complaint.

81. Deny the allegations in paragraph 81 of the complaint.

82. Deny the allegations in paragraph 82 of the complaint.

83. In response to the allegations set forth in paragraph 83 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

84. Deny the allegations in paragraph 84 of the complaint.

85. Deny the allegations in paragraph 85 of the complaint.

86. Deny the allegations in paragraph 86 of the complaint.

87. In response to the allegations set forth in paragraph 87 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

88. Deny the allegations in paragraph 88 of the complaint.

89. Deny the allegations in paragraph 89 of the complaint.

90. Deny the allegations in paragraph 90 of the complaint.

91. Deny the allegations in paragraph 91 of the complaint.

92. Deny the allegations in paragraph 92 of the complaint.

93. Deny the allegations in paragraph 93 of the complaint.

94. Deny the allegations in paragraph 94 of the complaint.

95. Deny the allegations in paragraph 95 of the complaint.

96. Deny the allegations in paragraph 96 of the complaint.

97. Deny the allegations in paragraph 97 of the complaint.

98. Deny the allegations in paragraph 98 of the complaint.

99. Deny the allegations in paragraph 99 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

100.  The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

101.  Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

102.  Defendants Sgt. Scott McKenna, Captain Kieran Creighton, P.O. David Rodriguez, Det. Wayne Hodge, Sgt. Angel Gonzalez, Sgt. James Coleman, P.O. Kevin Whelan and Sgt. James Cosgrove are protected by the doctrine of qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

103.  There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

104.  Plaintiff's claims are barred, in whole or in part, by his failure to comply with the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

105.  Any injury alleged to be sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

106.    At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City is, therefore, entitled to governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

107.    At all times relevant to the acts alleged in the complaint, defendants Kelly and Peralta acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

108.    Plaintiff's claims may be barred in part by the applicable statute of limitations.

WHEREFORE, defendants City of New York, Sgt. Scott McKenna, Captain Kieran Creighton, P.O. David Rodriguez, Det. Wayne Hodge, Sgt. Angel Gonzalez, Sgt. James Coleman, Sgt. Kevin Whelan and Sgt. James Cosgrove respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        April 21, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                *Attorney for Defendants*
                100 Church Street
                New York, New York 10007
                (212) 442-8248

By: _____/s/_____
     MARK D. ZUCKERMAN