UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

CHARLES GAYLORD,

                                          Plaintiff,

          -against-

THE CITY OF NEW YORK, P.O. SCOTT MCKENNA,
CAPT. KIERAN CREIGHTON, P.O. DAVID
RODRIGUEZ, P.O. WAYNE HODGE, P.O. ANGEL
GONZALEZ, SGT. JAMES COLEMAN, P.O. KEVIN
WHELAN, SGT. JAMES COSGROVE, P.O. MARTIN
DUFFY, P.O. BENJAMIN KALINSKY, P.O. DAVID
CUEVAS, P.O. STEPHEN ELTER, LT. MICHAEL
LEAHY, and P.O.s JOHN and JANE DOE #1-10,
individually and in their official capacities, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                        Defendants.

------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

07 Civ. 11599 (JGK)

**JURY TRIAL DEMANDED**

      Plaintiff CHARLES GAYLORD, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff CHARLES GAYLORD is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. SCOTT MCKENNA, CAPT. KIERAN CREIGHTON, P.O. DAVID RODRIGUEZ, P.O. WAYNE HODGE, P.O. ANGEL GONZALEZ, SGT. JAMES COLEMAN, P.O. KEVIN WHELAN, SGT. JAMES COSGROVE, P.O. MARTIN DUFFY, P.O. BENJAMIN KALINSKY, P.O. DAVID CUEVAS, P.O. STEPHEN ELTER, LT. MICHAEL LEAHY, and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. On July 4, 2005, at approximately 7:30 p.m., plaintiff CHARLES GAYLORD was lawfully present in front of 2135 Madison Avenue, in the County, City and State of New York.

14. At aforesaid time and place, plaintiff CHARLES GAYLORD was suddenly accosted by several members of the New York City Police Department.

15. Defendants sprayed plaintiff CHARLES GAYLORD with chemical spray, threw him to the ground, and punched, kicked, and stomped him.

16. As a result of this unprovoked assault, plaintiff CHARLES GAYLORD sustained physical injuries.

17. Defendants placed plaintiff CHARLES GAYLORD under arrest despite defendants' knowledge that they lacked probable cause to do so.

18. Plaintiff CHARLES GAYLORD was then transported to Harlem Hospital, to the 25th Precinct of the New York City Police Department, in Manhattan, New York, to Bellevue Hospital, and to Manhattan Central Booking.

19. Plaintiff CHARLES GAYLORD was held and detained in police custody for

approximately forty-eight hours.

20. Defendants initiated criminal proceedings against plaintiff CHARLES GAYLORD, despite defendants' knowledge that they lacked probable cause to do so.

21. On August 7, 2005, at approximately 9:30 p.m., plaintiff CHARLES GAYLORD was lawfully riding his bicycle on W. 147th Street between Eighth and Bradhurst Avenues, in the County, City and State of New York.

22. At aforesaid time and place, a vehicle containing members of the New York City Police Department deliberately bumped plaintiff CHARLES GAYLORD twice, knocking him to the ground each time.

23. Defendants also stomped on plaintiff CHARLES GAYLORD's head.

24. As a result of these unprovoked assault, plaintiff CHARLES GAYLORD sustained physical injuries.

25. Defendants placed plaintiff CHARLES GAYLORD under arrest despite defendants' knowledge that they lacked probable cause to do so.

26. Plaintiff CHARLES GAYLORD was transported to the 32nd Precinct of the New York City Police Department, in Manhattan, New York.

27. While at the precinct, plaintiff CHARLES GAYLORD was subjected to an unlawful strip search.

28. From the precinct, plaintiff CHARLES GAYLORD was transported to Manhattan Central Booking.

29. Plaintiff CHARLES GAYLORD was held and detained in police custody for approximately seventy-two hours.

30. Defendants initiated criminal proceedings against plaintiff CHARLES GAYLORD,

despite defendants' knowledge that they lacked probable cause to do so.

31. On September 13, 2005, at approximately 10:30 p.m., plaintiff CHARLES GAYLORD was lawfully present in the vicinity of W. 151st Street and Frederick Douglass Boulevard, in the County, City and State of New York.

32. At aforesaid time and place, plaintiff CHARLES GAYLORD was suddenly accosted by several members of the New York City Police Department.

33. Defendants threw plaintiff CHARLES GAYLORD against a van, punched him in the neck and face, threw him to the ground, punched, kicked, and stomped him, and hit him in the head with a hard object.

34. As a result of these unprovoked assaults, plaintiff CHARLES GAYLORD sustained physical injuries.

35. Defendants placed plaintiff CHARLES GAYLORD under arrest despite defendants' knowledge that they lacked probable cause to do so.

36. Plaintiff CHARLES GAYLORD was transported to the 32nd Precinct of the New York City Police Department, in Manhattan, New York.

37. While at the precinct, plaintiff CHARLES GAYLORD was subjected to an unlawful strip search.

38. From the precinct, plaintiff CHARLES GAYLORD was transported to Manhattan Central Booking.

39. Plaintiff CHARLES GAYLORD was held and detained in police custody for approximately three weeks.

40. Defendants initiated criminal proceedings against plaintiff CHARLES GAYLORD, despite defendants' knowledge that they lacked probable cause to do so.

41. On a date or dates currently unknown, all charges against plaintiff CHARLES GAYLORD were dismissed.

42. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "42" with the same force and effect as if fully set forth herein.

44. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

45. All of the aforementioned acts deprived plaintiff CHARLES GAYLORD of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

46. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

47. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. As a result of the aforesaid conduct by defendants, plaintiff CHARLES GAYLORD was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

51. As a result of the foregoing, plaintiff CHARLES GAYLORD's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants misrepresented and falsified evidence before the District Attorney.

54. Defendants did not make a complete and full statement of facts to the District Attorney.

55. Defendants withheld exculpatory evidence from the District Attorney.

56. Defendants misrepresented and falsified evidence before the Grand Jury.

57. Defendants did not make a complete and full statement of facts to the Grand Jury.

58. Defendants withheld exculpatory evidence from the Grand Jury.

59. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff CHARLES GAYLORD.

60. Defendants lacked probable cause to initiate criminal proceedings against plaintiff CHARLES GAYLORD.

61. Defendants acted with malice in initiating criminal proceedings against plaintiff CHARLES GAYLORD.

62. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CHARLES GAYLORD.

63. Defendants lacked probable cause to continue criminal proceedings against plaintiff CHARLES GAYLORD.

64. Defendants acted with malice in continuing criminal proceedings against plaintiff CHARLES GAYLORD.

65. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

66. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CHARLES GAYLORD's favor on a date or dates currently unknown, when all charges against him were dismissed.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants issued legal process to place plaintiff CHARLES GAYLORD under arrest.

69. Defendants arrested plaintiff CHARLES GAYLORD in order to obtain a collateral objective outside the legitimate ends of the legal process.

70. Defendants acted with intent to do harm to plaintiff CHARLES GAYLORD without excuse or justification.

## FIFTH CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff CHARLES GAYLORD's constitutional rights.

73. As a result of the aforementioned conduct of defendants, plaintiff CHARLES GAYLORD was subjected to excessive force and sustained physical injuries.

## SIXTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants strip-searched plaintiff CHARLES GAYLORD in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

76. As a result of the foregoing, plaintiff CHARLES GAYLORD was subjected to an illegal and improper strip search.

77. The foregoing unlawful strip search violated plaintiff CHARLES GAYLORD's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants created false evidence against plaintiff CHARLES GAYLORD.

80. Defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

81. Defendants misled prosecutors by providing false testimony and proffering false evidence throughout the criminal proceedings.

82. In creating and forwarding false information to prosecutors, defendants violated plaintiff CHARLES GAYLORD's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Each and every individual defendant had an affirmative duty to intervene on plaintiff CHARLES GAYLORD's behalf to prevent the violation of his constitutional rights.

85. The individual defendants failed to intervene on plaintiff CHARLES GAYLORD's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

86. As a result of the aforementioned conduct of the individual defendants, plaintiff CHARLES GAYLORD's constitutional rights were violated and he was arrested and subjected to excessive force and sustained physical injuries.

## NINTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

87. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

89. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

  a) wrongfully stopping and detaining minority males based on racial profiling;

  b) arresting minority males without probable cause;

  c) using excessive force on minority males while taking them into custody;

  d) covering up the use of excessive force by arresting the individual;

  e) unlawfully strip-searching pre-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband; and

  f) making unlawful arrests in order to satisfy an arrest quota.

90. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Gaybourne Busano v. City of New York,** United States District Court, Eastern District of New York, 03 CV 1486;

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Clifford Parker-Davidson v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3242;

- **Anwaar Muhammad City of New York,** United States District Court, Eastern District of New York, 04 CV 1044.

91.     The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

92.     The existence of the aforesaid unconstitutional customs and policies may further be inferred from the Civilian Complaint Review Board's June 2001 study, entitled "Street Stop Encounter Report: An Analysis of CCRB Complaints Resulting from the New York Police Department's 'Stop & Frisk' Practices," and the New York State Attorney General's December 1, 1999 study entitled "New York City Police Department's 'Stop & Frisk' Practices: A Report to the People of the State of New York from the Office of the Attorney General."

93.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to plaintiff CHARLES GAYLORD's safety, well-being and constitutional rights.

94.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CHARLES GAYLORD as alleged herein.

95.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff CHARLES GAYLORD as alleged herein.

96.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff CHARLES GAYLORD wase unlawfully arrested, incarcerated, and assaulted.

97.     Defendants, collectively and individually, while acting under color of state law, were

directly and actively involved in violating plaintiff CHARLES GAYLORD's constitutional rights.

98. All of the foregoing acts by defendants deprived plaintiff CHARLES GAYLORD of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To be free from malicious abuse of process;

    E. Not to have excessive force imposed upon him;

    F. To be free from unlawful search;

    G. Not to have cruel and unusual punishment imposed upon him; and

    H. To receive equal protection under the law.

99. As a result of the foregoing, plaintiff CHARLES GAYLORD is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff CHARLES GAYLORD demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
             July 2, 2008

                                                               /s
                                            ROSE M. WEBER (RW 0515)
                                            225 Broadway, Suite 1607

New York, NY 10007
(212) 748-3355

Case 1:07-cv-11599-JGK    Document 10    Filed 07/03/2008    Page 14 of 14