UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CHARLES GAYLORD,

                        Plaintiff,

         -against-

THE CITY OF NEW YORK, et. al.,

                       Defendants.

------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

07-CV-11599 (JGK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-28-08

        **WHEREAS**, defendants have sought certain documents concerning plaintiff Charles Gaylord in this action, documents which plaintiff Charles Gaylord deems confidential; and

        **WHEREAS**, plaintiff Charles Gaylord objects to the disclosure of this information and production of these documents unless appropriate protection for their confidentiality is assured;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants as follows:

        1.       As used herein, "Confidential Materials" shall mean such portions of plaintiff's psychiatric records as plaintiff designates confidential, except that defendants may petition the Court to review any such designations that defendants deem inappropriate. Upon receipt of any psychiatric records that are potentially Confidential Materials, defendants will notify plaintiff's attorney and plaintiff's attorney will have five business days to review such materials and make confidentiality designations. Notwithstanding any other provision of this



Paragraph, plaintiff's psychiatric records and information shall not be deemed "Confidential Materials" to the extent that they are (a) otherwise publicly available or (b) are the subject of public disclosure by plaintiff.

2. Defendants' attorneys shall not use the Confidential Materials for any purpose other than for the preparation or presentation of the case entitled <u>Charles Gaylord v. City of New York, et al.</u>, 07-CV-11599 (JGK) ("this action.").

3. Defendants' attorney shall not disclose the Confidential Materials to any person not a member of the staff of its law office except under the following conditions:

(a) Disclosure may be made only if necessary to the preparation or presentation of defendants' case in this action.

(b) Disclosure before trial may be made only to the parties, to an expert or experts who has or have been retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

(c) Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or a party), defendants' attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as *Exhibit A*, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by defendants' attorneys.



4. *Except for the noted circumstances* outlined in 3(a) through (c), disclosure by plaintiff or any of his representatives, including counsel, of such Confidential Materials to *any person not a member of the staff of his law office, including, but not limited to*, the media, press or the like, shall result in making this Stipulation and Protective Order null and void.

5. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, at plaintiff's request to the reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

6. If defendants wish to file any paper with the Court that incorporates any Confidential Materials or reveals the contents thereof, defendants' attorneys will provide notice to plaintiff's attorneys, who may then petition the Court to order that such filing be made under seal.

7. However, where the confidential information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of plaintiff, the parties may file redacted documents without further order of the Court.

8. In addition, where advance notice is given by defendants that the confidential information is being produced at a trial on the merits in this matter, after due consideration to its admissibility has been made by the Court, such information will not be subjected to the instant protective order.

9. The parties reserve their right to seek modification of this Protective Order by application to the Court for good cause shown at any time during the course of this litigation.

10. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, shall, upon request, be returned to plaintiff's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to plaintiff's attorneys, except that any copies containing notations that are attorney work-product may be destroyed.

Dated: New York, New York
~~April~~ July 21, 2008

| | |
|---|---|
| ROSE M. WEBER<br>Attorney for Plaintiff<br>225 Broadway, Suite 1608<br>New York, New York 10007<br>(212) 748-3355 | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br> City of New York<br>Attorney for Defendant City<br>100 Church Street<br>New York, New York 10007<br>(212) 442-8248 |
| By: _Rose M. Weber_<br>ROSE M. WEBER (RW 0515) | By: _[signature]_<br>MARK D. ZUCKERMAN (MZ ____)<br>Senior Counsel<br>Special Federal Litigation |

SO ORDERED:

_[signature]_
JOHN G. KOELTL, U.S.D.J.

_This Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Order at any time._

_So Ordered,_
7/25/08   _J.G. Koeltl_
          U.S.D.J.