

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARK D. ZUCKERMAN
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 442-8248
Fax: (212) 788-9776

August 18, 2008

**BY FACSIMILE (212) 805-7912**
The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED
8/18/08
John G. Koeltl, U.S.D.J.

Re: Charles Gaylord v. City of New York, et al., 07 Civ. 11599 (JGK)

Your Honor:

    I am a Senior Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants City of New York, Cosgrove, Whelan, McKenna, Rodriguez, Gonzalez, Creighton, Hodge and Coleman in the above-referenced matter. I write with respect to the above-referenced matter in which plaintiff alleges that his constitutional rights were violated by defendants. On July 3, 2008, plaintiff filed a Second Amended Complaint in which 5 new defendants were added, Michael Leahy, Martin Duffy, Benjamin Kalinsky, David Cuevas and Stephen Elter. I write with the consent of plaintiff's counsel.

    As of the date of this letter, plaintiff's counsel has advised that newly added defendants Elter and Duffy were served on August 6, 2008, Michael Leahy on August 8, 2008 and David Cuevas on August 11, 2008. She has also stated that at least one of the newly named individual defendants, Benjamin Kalinsky, has not been served with the summons and complaint in this action. These newly added defendants would each have 20 days following the completion of proper service to respond to the complaint. This office has not discussed with the newly named defendants the manner of service and we make no representation herein as to the adequacy of service upon them. Decisions concerning this Office's representation of defendants Leahy, Elter, Duffy, Cuevas and Kalinsky have not yet been made. However, given the time involved in determining the representation of five police officers, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on

behalf of these newly added and all current defendants to September 30, 2008. Such would also avoid the filing of several separate answers or other responses to the complaint.

The enlargement will allow this office time to conduct an inquiry to determine whether it can represent the newly added defendants. See General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous application has been made for an enlargement of time to respond to the complaint by the current defendants or the five newly added defendants.

The requested extension of time to respond to the Second Amended Complaint should not affect the dates set forth in the Court's Initial Scheduling Order.

Thank you for your consideration herein.

Respectfully submitted,

Mark D. Zuckerman
Senior Counsel

cc:   Rose M. Weber, Esq. (Via Facsimile)